# EXHIBIT A

Jun-28-06  14:13   From-Country Villa Health Services   3105741322   T-399  P.002/016  F-832

# DEPARTMENT OF HEALTH AND HUMAN SERVICES
## PROVIDER REIMBURSEMENT REVIEW BOARD
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671   FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

Refer to:

Case No. 00-0791G         **CERTIFIED MAIL**

Eddie D. Rowles
Country Villa Health Services
5120 W. Goldleaf Circle
Suite 400
Los Angeles, CA 90056

Rec'd 6/9/06
CP

*Ruth discuss.*
*Lito Appears the Chair and one of*
*JUN 07 2006*
*disagree with it*

RE: Country Villa 94-97 Payroll Tax Allocation, Provider Nos. - Various, Case No. 00-0791G, FYE – 1994 through 1997

Dear Mr. Rowles:

The Provider Reimbursement Review Board (the "Board") has reviewed the Intermediary's comments challenging jurisdiction, and the Provider's comments in response.

**Background:**

On their as-submitted Medicare cost reports, the Providers either directly assigned the costs they incurred for payroll related taxes (FICA, federal and state unemployment) to the Employee Benefits cost center, or the payroll related costs were assigned to the Administrative and General (A&G) cost center and through an A-6 reclassification they were moved to the Employee Benefits cost center. The Intermediary made no adjustment to these costs in the Notices of Program Reimbursement (NPR) for each cost report, and the Providers were reimbursed by Medicare for payroll taxes in exactly the same manner and amounts as they claimed on their as-submitted cost reports. The Intermediary therefore contends that the Board does not have jurisdiction over the costs related to the Payroll Tax Allocation issue because there were no audit adjustments made to this issue in the Intermediary final determinations.

The Intermediary also contends that the ruling of the U.S. Supreme Court in Bethesda Hospital v. Bowen is not applicable to the payroll tax cost issue because there was no law, regulation, or program instruction that requires an intermediary to reimburse the costs of payroll taxes through the Employee Benefits cost center. The Intermediary states that if the Providers wished to be reimbursed for the costs of payroll taxes through the Administrative and General cost center, as they now request, then they should have presented this claim to the Intermediary on their as-submitted cost reports. Instead, the Providers were satisfied in claiming these costs in the Employee Benefits cost center.

The Provider responds that the holding in the U.S. Supreme Court in Bethesda Hospital Assn. V. Bowen, 485 U.S. 399 (1988) and of the First Circuit Court of Appeals in Maine General Medical Center v. Shalala, 205 Fed. 3d. 493 (1st Cir. 2000) clearly demonstrates that the Board has jurisdiction over this appeal. The Provider states that this matter has been the subject of three cases which the Board has previously visited. Genesis Health Ventures has litigated the same

Page 2

jurisdictional issue which resulted in a remand of the case to the PRRB which ultimately held a hearing. Pleasant Care Corporation had a similar experience at or about the same time with the same result. The appeal to the Court on the jurisdiction resulted in a remand of the case to the Board and a hearing was held.

The Provider states that the Providers had complied with the Intermediary's mistaken interpretation about the classification, and they determined that it would be futile to attempt to persuade the Intermediary to deviate from its (mis-)understanding of the proper treatment of the costs. HCFA communicated with the Intermediary advising the Intermediary that workmen's compensation costs, FICA, FUCA, and SUTA taxes should indeed be treated as Administrative and General Expense for cost report allocation purposes. Only thereupon did the Providers determine that the Intermediary's interpretation with respect to the classification of the payroll taxes was an incorrect interpretation of the regulation and should be changed. Accordingly, the Providers filed this appeal.

The Provider states that an audit adjustment is not a prerequisite for an appeal because the regulations hold that a provider may obtain a hearing if the provider is dissatisfied with the final determination of the Intermediary, and that the Board has the authority to affirm or modify an intermediary determination with respect to a cost report, and in Maine General, the First Circuit held that the Board has the power to decide an issue that was not first raised before the intermediary.

The provider states that the Bethesda decision applies to this case and cites 4 PRRB decisions that arguably give authority that there are Medicare Law, Regulation, or Manual provisions applicable to this matter. The Provider also cites 4 Intermediary letters that cite manual provisions which arguably the Intermediary uses to reclassify payroll taxes from A&G to Employee Benefits.

**Decision:**

The Board majority has considered the positions of the parties and finds that it does not have jurisdiction over the Payroll Taxes issue for fiscal years 1994 through 1997 because the Provider failed to request reimbursement for all costs to which it was entitled.

Pursuant to 42 U.S.C. §39500(a) and 42 C.F.R. §§405.1835 - 405.1841, a provider has a right to a hearing before the Board with respect to costs claimed on a timely filed cost report if it is dissatisfied with the final determination of the intermediary, the amount in controversy is $10,000 or more, and the request for a hearing is filed within 180 days of the date of the Notice of Program Reimbursement (NPR).

Page 3

In <u>Bethesda Hospital Association v. Bowen</u>, 485 U.S. 399 (1988), the Supreme Court held that the Board has jurisdiction over costs that were unclaimed or self-disallowed by the Provider if the Intermediary would have been bound to disallow these costs by a methodology/formula mandated by a statute, regulation, rule or manual provision had the costs been claimed by the Provider since any attempt to persuade the Intermediary to do otherwise would have been futile. The Provider in <u>Bethesda</u> is in a different position from those who fail to claim reimbursement to which they are entitled.

In this case, it was not futile for the Provider to claim the full amount of reimbursement to which it was entitled, but the Provider nevertheless failed to request reimbursement for all cost to which it was entitled.

Also, since the Board's function is to review intermediary determinations, to permit providers to totally bypass the intermediary and require the Board to make initial determinations on issues not reviewed by the intermediary would create an impossible burden and would undermine the statute's intent for the Board to review only. Therefore, the Board hereby denies jurisdiction over the Payroll Taxes issue, and hereby dismisses this appeal. This decision is subject to the provisions of 42 U.S.C. §1395oo(f) and 42 C.F.R. §§405.1875 and 405.1877.

<u>Board Members Participating:</u>

Gary B. Blodgett, DDS
Suzanne Cochran, Esq. (dissenting)
Elaine Crews Powell, C.P.A.
Anjali Mulchandani-West
Yvette C. Hayes (dissenting)

FOR THE BOARD:

Suzanne Cochran
Chairperson

Enclosures: 42 U.S.C. §1395oo(f) and 42 C.F.R. §§405.1875, and 405.1877.

cc:   Terry Gouger, Mutual of Omaha Insurance Company
      Wilson Leong, Blue Cross Blue Shield Association